UNITED STATEST DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IZYA BERMAN,

    Petitioner,

v.                                                              Case No: 16-12560
                                                              Honorable Victoria A. Roberts

JEH JOHNSON, ET AL,

    Respondents.

_____/

### ORDER GRANTING RESPONDENTS' MOTION TO DISMISS

**I. INTRODUCTION**

Ester Saposnik filed a visa petition on behalf of her son Yosef Shaposhnik. She died while the application was pending. Unaware of her death, the United States Citizenship and Immigration Services ("USCIS") approved her visa petition. Izya Berman, Ester's other son, filed a substitute affidavit of support along with his mother's death certificate to continue her visa petition. Once informed of her death, the USCIS automatically revoked Ester's petition. Berman brings this suit on behalf of his brother Yosef to continue efforts to get him an immigrant visa.

The Government claims this Court lacks subject matter jurisdiction. The Court agrees and **GRANTS** Respondents' motion to dismiss.

**II. BACKGROUND**

On January 18, 2005, Ester Saposnik ("Ester") filed a Form I-130 visa petition, on behalf of her son Yosef Shaposhnik ("Yosef") - who is a resident and citizen of Israel. On November 26, 2007, Ester died, and Yosef did not inform the USCIS of her death. In

1

February 2010, the USCIS approved the visa petition. In September 2015, Ester's other son Izya Berman ("Berman") filed a Form I-864 substitute affidavit of support and Ester's death certificate with the State Department's National Visa Center ("NVC"). The NVC notified the USCIS of Ester's death. The USCIS then automatically revoked the I-130 petition under the authority of 8 C.F.R. 205.1(a)(3)(i)(C) because of Ester's death.

On July 8, 2016, Berman filed this action against Respondents – Jeh Johnson, Secretary of Homeland Security; Leon Rodriguez, Director of USCIS; and, Kathy Baran, Director of the USCIS California Service Center. He alleges that the Government abused its discretion when it automatically revoked Yosef's visa petition.

### III.   STANDARD OF REVIEW

Respondents bring their motion under Fed. R. Civ. P. 12(b)(1), claiming that the Court lacks subject matter jurisdiction. The burden is on Berman to prove the Court has jurisdiction. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). To defeat a motion to dismiss for lack of subject matter jurisdiction, "the plaintiff must show that the complaint 'alleges a claim under federal law, and that the claim is substantial.'" *Mich. S. R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n, Inc.*, 287 F.3d 568, 573 (6th Cir. 2002) (quoting *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996)).

In addition, in order for a federal court to exercise jurisdiction, a petitioner must have standing to sue. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) ("[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III.")). The "irreducible constitutional minimum" of standing requires Berman to establish three elements: (1) "an injury in fact -- -an

2

invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical"; (2) "a causal connection between the injury and the conduct complained of," often referred to as traceability; and, (3) "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision," known as redressability. *Lujan*, 504 U.S. at 560–61 (internal citations and quotations omitted).

A Rule 12(b)(1) motion will be granted if "taking as true all facts alleged by the plaintiff, the court is without subject matter jurisdiction to hear the claim." *Id.*

## IV. DISCUSSION

Respondents argue that this Court lacks subject matter jurisdiction because the Secretary's decision to revoke an approved visa is discretionary, not subject to judicial review, and Berman lacks standing.

Yosef's visa petition was revoked pursuant to 8 C.F.R. § 205.1(a)(3)(i)(C). § 205.1(a)(3)(i)(C) says that "the approval of a petition ... is revoked ... upon the death of the petitioner," if the death occurs before the beneficiary comes to the United States. Here, Ester died before USCIS approved her visa petition and before Yosef came to the United States.

In *Mehanna v. U.S. Citizenship and Immigration Services*, 677 F.3d 312, 313 (6th Cir. 2012), the Sixth Circuit held that the decision to revoke an approved visa petition under 8 U.S.C. § 1155 is a decision within the discretion of the Secretary such that, under §1252(a)(2)(B)(ii), it is not subject to judicial review.

8 U.S.C. § 1252(a)(2)(B) provides that: "no court shall have jurisdiction to review . . . (ii) any . . . decision or action of the Attorney General or the Secretary of Homeland

Security the authority for which is specified under this title to be in the discretion of the Attorney General or the Secretary of Homeland Security . . . ."

In *Mehanna*, the Sixth Circuit affirmed this Court's holding that, "any revocation that occurs pursuant to 8 C.F.R. § 205.1 must be authorized under the power specified in 8 U.S.C. § 1155…[and] 8 U.S.C. § 1155 specifies that the decision to revoke an approved petition is within the discretion of the Secretary…" *Mehanna v. Dedvukaj*, No. 09-14510, 2010 WL 4940016, at 3 (E.D. Mich. Nov. 30, 2010), *aff'd, Mehanna*, 677 F.3d 312, 317.

The Secretary's decision is not subject to judicial review, and this Court lacks subject matter jurisdiction. It need not address whether Berman has standing.

Berman's complaint alleges causes of action under the Declaratory Judgment Act, 28 U.S.C. § 2201, the Administrative Procedure Act 5 U.S.C. § 702, and the Federal Question Jurisdiction Statute 28 U.S.C. § 1331. However, based on this Court's conclusion that it has no authority to review the decision of the Secretary, these statutes cannot confer jurisdiction where there is none. *Mehanna*, 677 F.3d 312, 313.

## V.   CONCLUSION

The Court **GRANTS** Respondents' motion to dismiss (Doc. 9) and **DISMISSES** this case with prejudice.

**IT IS ORDERED**.

>   S/Victoria A. Roberts
>   Victoria A. Roberts
>   United States District Judge

Dated:  December 1, 2016

4

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on December 1, 2016.<br><br>s/Linda Vertriest<br>Deputy Clerk |